On the Merits.
 

 BRUNOT, J.
 

 This is a jactitation suit. The property involved is section 83 of township 14 south, of range 23 east, Southeastern land district of Louisiana, west of the Mississippi river, and shown upon the government map as containing 372 acres.
 

 Plaintiff claims ownership of the property under a title translative thereof and hy virtue of open, notorious, and undisputed possession of the land for more than ten years. The widow and heirs of Edward Wisner, deceased, the administrators of the Tulane Educational Fund, as administrators of Tulane Unis'ersity, the Board of Administrators of the Charity Hospital of the City of New Orleans, and the city of New Orleans were cited as defendants.
 

 . It is alleged that the defendants granted certain trapping rights over the property and that defendants’ lessees had interfered with and molested the plaintiff and his tenants in the peaceful possession of the land, and therefore had caused him’ damage in the sum of $200. In addition to the usual prayer in suits for slander of title, the plaintiff prays for damages, as stated, and that the defendants be enjoined from setting up title to the land.
 

 The widow and heirs of Edward Wisner, being nominal defendants, made no appearance and a judgment by default was entered and confirmed as to them. The answer of the city of New Orleans, and as trustee for the other defendants, under the donation of Edward Wisner, is petitory in character. It alleges that said donation vested in the city of New Orleans a good and valid title of such character as to preclude the possibility of the plaintiff acquiring a valid title to the property under his plea of prescription acquirendi causa.
 

 There was judgment for the plaintiff, sustaining his plea of prescription and avoiding the defendants’ title. The appeal is from that judgment.
 

 We quote the respective titles set up by the litigants. The defendants claim under the following title:
 

 “United States to State of Louisiana, swamp land grants, 1849-1850, selected as of March 17th, 1856, and duly approved to the State of Louisiana by the Land Department of the United States, list No. 27, September 10th, 1881. (Original Trs. p. 93 to 96.)
 

 “State of Louisiana to Board of Commissioners of Lafourchee Levee Basin District, under Act No. 100 of 1892, transfer dated November 12th, 1894, registered C. O. B.
 
 “X,”
 
 folio 373, on November 18th, 1895; registered in Jefferson Parish on September 7th, 1903, in C. O. B. 22, folio 577. (Original Trs. p. 75 to 82.)
 

 “Board of Commissioners of Lafourche Levee Basin District to North Louisiana Land Company, Ltd., act before W. J. MeCune, Notary Public, dated October 13th, 1904, registered in Jefferson Parish on October 18th, 1904. C. O. B. 23, folio 750. (Original Trs. p. 70 to 73.)
 

 “North Louisiana Land Company, Ltd., to Louisiana Meadows Company, act before J. G. Eustis, Notary Public, June 26th, 1908, registered in Jefferson Parish, August 1st, 1908, in O. O. B. 27, folio 599. Original Trs. p. 66 to 68.)
 

 “Louisiana Meadows Company to Edward N. Wisner, under private act dated April 8th,
 
 *905
 
 1914, registered in Jefferson Parish on April 15th, 1914, in C. O. B. 33, folio 735. (Original Trs. p. 63 to 65.)
 

 “Edward N. Wisner, by act of donation dated August 4, 1914, to City of New Orleans as Trustee for certain named beneficiaries, both of whom are represented in these proceedings by their respective Boards of Administrators, registered in Jefferson Parish in O. O. B. 34, folio 341, on August 5, 1914. (Original Trs. p. 54 to 62.)”
 

 The title set up by plaintiff, upon which he predicates his ownership under a prescription of ten years, acquirendi causa (Original Trans. 33), originated as follows:
 

 “Ottawa Bank & Trust Company, Trustee in Bankruptcy of the Jefferson Land Company, No. 22,596, United States District Court, Northern District of Illinois, Eastern Division, to Robert J. Perkins, dated June 14th, 1919, registered in Jefferson parish in C. O, B. 45, folio 442, July 9th, 1919.”
 

 In addition to the foregoing, Robert J. Perkins also offered in evidence the following deed:
 

 “Geo. H. T. Shaw to Jefferson Land Company, dated September 23rd, 1909, registered in Jefferson Parish, November 12th, 1909.”
 

 The issues presented in this case were adjudged adversely to the plaintiff in the suit of Rob’t J. Perkins v. Louisiana Land & Exploration Co. post, p. 913, 132 So. 499.
 

 In that case title to sections 84 and 102 of the same township and range as the section involved in this suit was at issue, and the same deraignments of title were relied upon. We found that the defendant had an indefeasible title to those sections, from the United States through the state and Lafourche Basin levee district.
 

 For the reasons assigned by- Justice St. Paul, the organ of the court in that opinion, it is decreed that the judgment appealed from be and it is hereby avoided, and judgment is now rendered in favor of the city of New Orleans and its codefendants, the Administrators of the Tulane Educational Fund, as Administrators of Tulane University, and the Board of Administrators of the Charity Hospital of the City of New Orleans, decreeing them to be the owners, by donation of Edward N. Wisner to the city of New Orleans, as Trustee, recorded August 5, 1914, in Will & Donation Book B, folio 295 et seq., of section 83 of township 14, south of range 23 east, Southeastern land district of Louisiana, west of the Mississippi river, and containing 372 acres, and that appellee pay the costs of this appeal.
 

 O’NIELL, C. J., and ST. PAUL, J., absent during the argument.